MATTER OF ORTIZ-PRIETO

In Deportation Proceedings

A-13326833

*Decided by Board July 16, 1965*

While the record fails to reveal any intent to circumvent the normal visa-issuing process in the case of a native and citizen of Chile who entered the United States as a nonimmigrant visitor, prior to his departure from Chile he resigned his employment as a police officer, within 10 days after arrival in the United States he obtained a social security card, and thereafter he accepted gainful employment at which time he returned the unused portion of his round-trip ticket to his wife in Chile to be redeemed; in addition, while respondent is statutorily eligible for adjustment of status pursuant to section 245, Immigration and Nationality Act, as amended, he has no close family ties or dependents in this country, his wife and 3 children are natives, citizens, and residents of Chile, and on the basis of the entire record his case fails to measure up to the standard required for the favorable exercise of the Attorney General's discretion.

CHARGES:

Order:  Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable 212(a)(20), no valid immigrant visa.
Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Failed to comply with nonimmigrant status.
Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer.

This case presents an appeal from an order entered by the special inquiry officer on May 17, 1965 denying the respondent's application requesting that his immigrant status be adjusted to that of a permanent resident as provided in section 245 of the Immigration and Nationality Act but granting him permission to depart voluntarily from the United States, in lieu of deportation, and directing that he be deported from the United States to Chile, the country designated by the respondent, on the charge set forth in the order to show cause in the event he fails to depart when and as required.

The respondent, a 26-year-old married male, native and citizen of Chile, has had continuous residence in the United States since his admission at Miami, Florida on or about September 19, 1964 as a

nonimmigrant visitor for pleasure, authorized to remain in the United States in such status until January 15, 1965. The respondent's initial application for adjustment of status to that of a permanent resident filed at the Miami office of the Service on December 2, 1964 was subsequently denied by the Service. The aforementioned application was subscribed and sworn to by the respondent on December 16, 1964 and on the same date the respondent in an affidavit subscribed and sworn to before an officer of the Service deposed that when applying for his immigrant visa in Chile he advised the United States Consul that he would like to visit the United States for six months. The respondent stated he resigned his position as a police officer in Chile on August 1, 1964 and obtained his nonimmigrant visa on September 15, 1964; that he purchased a round-trip ticket for his passage from Chile to the United States and return. He asserted that he secured a Social Security card within ten days after his arrival in the United States and has been gainfully employed in a laundry in Miami, Florida since November 1, 1964 at which time he returned the unused portion of his ticket to his wife in Chile to be redeemed.

Deportation proceedings were instituted against the respondent on March 23, 1965 when the order to show cause was served upon him. A hearing in deportation proceedings was held at Miami, Florida on April 7, 1965 at which time the respondent through counsel admitted the truth of the several factual allegations set forth in the order to show cause and conceded deportability on the charges stated therein. The respondent renewed his application for adjustment of status to that of a permanent resident under section 245 of the Immigration and Nationality Act (p. 3). The respondent testified his wife and three children are natives, citizens and residents of Chile (p. 4). Counsel during the deportation hearing advised the special inquiry officer that he had mistakenly admitted the truth of allegations 6 and 7 in the order to show cause. Counsel and the respondent admitted the truth of the remaining allegations in the order to show cause and conceded that the respondent is subject to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act. The evidence of record clearly establishes that the respondent is subject to deportation under the provisions of section 241(a)(2) of the Immigration and Nationality Act, in that, he has remained in the United States for a longer time than authorized.

The sole issue for our consideration is whether the respondent's application for adjustment to that of a permanent resident under section 245 of the Immigration and Nationality Act merits favorable exercise of the Attorney General's discretion. This Board has con-

sistently held that the extraordinary discretionary relief provided in section 245 of the Act can only be granted in meritorious cases; that the burden is always upon the alien to establish that his application for such relief merits favorable consideration (8 CFR 242.17(d); cf. *Matter of G—*, 9 I. & N. Dec. 938). Section 245 of the Immigration and Nationality Act provides that the status of an alien * * * may be adjusted by the Attorney General in his discretion and under such regulations as he may prescribe * * *. Hence, the grant of an application for adjustment of status as provided in section 245 of the Act is discretionary with the Attorney General. The facts detailing the respondent's travelling to New York, New York, immediately after his arrival in the United States and his returning to Miami, Florida, where he secured gainful employment, as well as the remaining facts in this case, have been fully and adequately covered by the special inquiry officer and need no further discussion herein.

After an exhaustive study of this record, it is our considered opinion that the respondent's explanation of what he meant when he stated "tourist to stay" in answering Question 7 on his 245 application is credible and reasonable. In this connection, the respondent testified that his application was filled out by a 12-year-old boy who understood the English language. The respondent testified that the answers to the questions set forth in his application for adjustment of status to that of a permanent resident were furnished by him (Form I-485, Ex. 3). We find nothing in this record that in any manner indicates that the respondent intended to circumvent the normal immigration visa-issuing process when he applied for and obtained his nonimmigrant visa at the office of the United States Consul in Santiago, Chile. Counsel on appeal urged that the respondent's immigrant status be adjusted to that of a permanent resident as provided in section 245 of the Immigration and Nationality Act inasmuch as he is eligible therefor and is a person of good moral character. It appears that the respondent is eligible to receive an immigrant visa and is admissible to the United States for permanent residence. Likewise, it appears that an immigrant visa will be immediately available to the respondent if his application for adjustment of status is approved. However, the applicable statute does not contemplate that all aliens who meet the required legal standards will be granted adjustment of status to that of a permanent resident since the grant of an application for adjustment of status is a matter of discretion and of administrative grace, not mere eligibility; discretion must be exercised by the Attorney General even though statutory prerequisites have been met. Moreover, the

respondent has no close family ties or dependents living in the United States and as previously noted his wife and three children are natives, citizens and residents of Chile. We find that there are no outstanding equities in this case.

After carefully considering the entire record, together with counsel's representations on appeal, the decision of the special inquiry officer will be affirmed. The grant of the discretion provided in Section 245, supra, must be reviewed against all the evidence present in this record and, when so viewed, we do not think that the special inquiry officer's denial of the respondent's application for adjustment of status to that of a permanent resident was unreasonable or unjustified. It is our considered opinion that this case does not meet or measure up to the standards required for an approval of an application for adjustment of status to that of a permanent resident as provided in section 245, *supra*. Accordingly, the following order will be entered.

**ORDER:** It is ordered that the appeal be dismissed.