## MATTER OF ARAI

### In Deportation Proceedings

### A-18483322

*Decided by Board March 4, 1970*

Where adverse factors are present in a given application for adjustment of status under section 245, Immigration and Nationality Act, as amended, it may be necessary for the applicant to offset those by a showing of unusual or even outstanding equities. Generally, favorable factors such as family ties, hardship, length of residence in the United States, *etc.*, will be considered as countervailing factors meriting favorable exercise of administrative discretion. In the absence of adverse factors, adjustment will ordinarily be granted, still as a matter of discretion. [*Matter of Ortiz-Prieto*, 11 I. & N. Dec. 317, superseded.]

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Visitor, remained longer.

ON BEHALF OF RESPONDENT:
Donald L. Ungar, Esquire
517 Washington Street
San Francisco, California 94111
(Brief submitted)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

In our decision of February 6, 1970, we sustained the respondent's appeal, withdrew the order of the special inquiry officer, and granted respondent adjustment of status under section 245 of the Immigration and Nationality Act. At that time we stated that an opinion in greater detail would be forthcoming in the near future. In sustaining the respondent's appeal we have, in effect, exercised discretionary power contrary to the manner in which the special inquiry officer exercised it. In so doing, we did not conclude that the special inquiry officer was either arbitrary or capricious in his action or that he abused his discretion in any manner.

The special inquiry officer after finding the respondent to be eligible for the relief, nevertheless, concluded that such should not be granted as a matter of discretion. He based his denial on the criteria set forth in *Matter of Ortiz-Prieto*, 11 I. & N. Dec. 317

(BIA, 1965). We there stated that the extraordinary relief described in section 245 can only be granted in meritorious cases. Having found no outstanding equities in that case, we dismissed the appeal from the special inquiry officer's denial of the relief as a matter of discretion.

We are now of the opinion that the language set forth in *Matter of Ortiz-Prieto, supra,* should be clarified and modified because it is too broad in its impact and probably more demanding than necessary. Accordingly, the language of the instant decision will supersede that contained in *Ortiz-Prieto.*

The respondent is now over 27 years of age. He is single and was admitted to the United States on March 25, 1968, as a visitor for a period of time to expire on April 26, 1968. On April 25, 1968, he filed an application for staus as a temporary worker or trainee. That application was denied on October 4, 1968, and he was thereafter granted voluntary departure to expire on November 28, 1968. He remained beyond that date and is concededly deportable on the charge contained in the order to show cause.

The special inquiry officer in considering the respondent's application for adjustment of status under section 245 was aware that the respondent is a specialty cook in Japanese cuisine and had been accorded a labor certification for such employment. No finding was made by the special inquiry officer that the respondent was other than a bona fide visitor when he first arrived in the United States. Apparently the special inquiry officer considered the respondent's taking of employment before his trainee status had been acted upon as an adverse factor. He then found that the respondent's case presented no unusual equities and based his denial of the application on the ruling contained in *Ortiz-Prieto.*

Section 245 of the Immigration and Nationality Act reposes with the Attorney General and his delegates the discretionary power to grant adjustment of status. Therefore it follows that mere eligibility for that privilege will not automatically result in a grant of the application.

The record in the instant case presents no adverse factors affecting respondent's application. He is a young man, in good health and of good moral character. His employment is such that a labor certification has been issued. The employment could be of potential benefit to this country. The respondent has no dependents.

It is difficult and probably inadvisable to set up restrictive guide lines for the exercise of discretion. Problems which may arise in applications for adjustment must of necessity be resolved

on an individual basis. Where adverse factors are present in a given application, it may be necessary for the applicant to offset these by a showing of unusual or even outstanding equities. Generally, favorable factors such as family ties, hardship, length of residence in the United States, *etc.*, will be considered as countervailing factors meriting favorable exercise of administrative discretion. In the absence of adverse factors, adjustment will ordinarily be granted, still as a matter of discretion.

Our decision to sustain the respondent's appeal was based upon the foregoing considerations. We do not deem it necessary for the respondent to establish, in light of the circumstances surrounding his case, any outstanding equities.