MATTER OF MOLCILIO

In Deportation Proceedings

A-17894515

*Decided by Board February 22, 1973*

An objection to substitution of special inquiry officers will lie only when the objection is made at the deportation hearing. Furthermore, substitution of special inquiry officers is authorized under 8 CFR 242.8(b) where, as in the instant case, the original special inquiry officer regularly stationed elsewhere was unavailable for the renewed hearing.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor for pleasure—remained longer than permitted

ON BEHALF OF RESPONDENT:
Elmer E. Poston, Esquire
770 Kapiolani Blvd.
Honolulu, Hawaii 96813
(Brief filed)

ON BEHALF OF SERVICE:
Gary Y. Fujiwara
Acting Trial Attorney
(Brief filed)

Respondent moves for reconsideration of our decision entered March 13, 1972 wherein we found her deportable and denied her the discretionary relief of adjustment of status. We granted her the privilege of voluntary departure. On April 21, 1972, she filed a declaratory judgment action in the United States District Court for the District of Hawaii requesting a finding that the denial of her application for adjustment of status was arbitrary, an abuse of discretion and contrary to the law. The declaratory judgment action was dismissed by the court for lack of jurisdiction, on the ground that review of a Board decision should be sought in the United States Court of Appeals. Respondent brought no action in the United States Court of Appeals but moves us to reconsider our decision.

The record relates to a married female alien, a native and citizen of Japan, 36 years of age, who entered the United States as a nonimmigrant visitor for pleasure on March 12, 1967 for a period to expire on July 12, 1967. On June 28, 1967 she married a citizen of the United States.

283

The United States citizen spouse submitted a visa petition (Form I-130) to accord respondent immigration benefits as his spouse. Spouses of United States citizens who are the beneficiaries of approved visa petitions are exempt from the numerical limitations and from the requirement of presenting a labor clearance certifying that their employment would not adversely affect the United States labor market. Together with the visa petition; the respondent submitted an application to adjust her status to permanent resident. Thereafter, the respondent's spouse withdrew the visa petition. The application for adjustment of status was then denied on the ground that respondent was not eligible under section 245 of the Act because, absent an approved visa petition, an immigrant visa was not immediately available to her. She was granted until August 25, 1968 to depart the United States voluntarily. She did not depart.

A deportation hearing was conducted April 16, 1969 before Special Inquiry Officer B. S. Karmiol. At that hearing, the respondent renewed her application for adjustment of status, claiming that her husband was willing to resubmit a petition on her behalf. The special inquiry officer noted that she had not established eligibility for adjustment of status but stated that he was going to continue the case to give her an opportunity to submit either a visa petition or a labor clearance. The respondent's husband did submit a visa petition on April 25, 1969, which was approved November 20, 1969, whereupon respondent's application for adjustment of status was processed and an investigation for adjustment of status was processed and an investigation conducted. As a result of the investigation, the Service uncovered evidence suggesting that her marriage was not bona fide.

A new hearing was scheduled May 13, 1970 before Special Inquiry Officer J. C. Craig, who stated at the commencement of the hearing that he had familiarized himself with the record. Respondent did not object to the substitution of special inquiry officers. She did object to the presentation of any new evidence on the ground that the hearing had previously been "closed." Special Inquiry Officer Craig denied the objection and proceeded to receive evidence. He denied her application for adjustment of status as a matter of discretion. She appealed to us, and we remanded for consideration pursuant to *Matter of Arai*, 13 I. & N. Dec. 494 (BIA, 1970). The special inquiry officer again denied adjustment and we affirmed. After an unsuccessful action in the United States District Court for Hawaii, she moves us to reconsider our decision.

On this, her third attempt at review by this Board, respondent raises for the first time an objection to the substitution of special inquiry officers, claiming error because there was no showing that the original special inquiry officer was unavailable at the time of

the second hearing. If respondent wished to raise a legal objection to the substitution of special inquiry officers, she had the opportunity to raise this point before. All bases of appeal should be raised together for our consideration, rather than presented piecemeal. Even if she had raised this point previously, however, she would not have prevailed. An objection to substitution of special inquiry officers will lie only when the objection is made at the deportation hearing. Respondent did not object to the substitution of special inquiry officers at the commencement of the hearing before the second special inquiry officer; therefore, she cannot object later, *Matter of Bark*, Interim Decision No. 2174 (BIA, November 27, 1972); *Matter of C—*, 5 I. & N. Dec. 743 (BIA, 1954). Furthermore, substitution of special inquiry officers is authorized when the original special inquiry officer is unavailable, 8 CFR 242.8(b). We have held that a special inquiry officer stationed elsewhere is unavailable, *Matter of Bark, supra*. This was the case here.

Respondent cannot complain that additional evidence was received at the second hearing, because the case had been continued for the presentation of additional evidence. There was nothing improper in receiving additional evidence at a hearing rather than off the record. Nor was it improper to receive evidence in addition to that for which the case was continued. In view of the fact that the Service became aware of facts of which it previously had no knowledge, and in view of the passage of time (more than one year) between the hearings, it was correct to schedule a continued hearing to clarify and bring up to date the record upon which a decision was to be based. Anyway, most of the evidence received at the second hearing consisted of respondent's own testimony.

At the time of the first hearing respondent was not statutorily eligible for the relief she requested. At the time of the second hearing, on the basis of the evidence presented, she was found not meriting the favorable exercise of discretion.

Counsel complains that the procedure followed below was in error in that a new hearing should not have been conducted without a motion to reopen. A motion to the special inquiry officer to reopen was unnecessary because at the conclusion of the first hearing the case was continued, not decided. Even if there was error in the procedure below, it was harmless error. The hearing below was fair and respondent's application was fully considered. This Board reviewed the record and independently decided that respondent did not merit the discretionary relief of section 245.

Oral argument was requested on the present motion. Oral argument on a motion to reconsider is not a matter of right, 8 CFR 3.8(a). Inasmuch as it would serve no useful purpose, the request for oral argument is denied.

285

Interim Decision #2184

ORDER: The request for oral argument is denied. The motion to reconsider is denied.