MATTER OF ALLOTEY

In Deportation Proceedings

A-19790414

*Decided by Board June 17, 1975*

(1) In an application for adjustment of status under section 245 of the Immigration and Nationality Act, the applicant's preconceived intent to remain as a student, having entered the country on the pretext of being a nonimmigrant visitor, was held to be an adverse factor which could only be overcome by unusual or outstanding equities. See Matter of Arai, 13 I. & N. Dec. 494 (BIA 1970).

(2) Applicants marriage to a United States citizen—entered into during the voluntary departure period he was given to make departure arrangements—was not, standing alone, such an unusual or outstanding equity.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—
—remained longer than permitted.

ON BEHALF OF RESPONDENT: Rodney W. Banks, Esquire
P. O. Box 505
Gearhart, Oregon 97138

This is an appeal from the immigration judge's denial of the respondent's application for adjustment of status. In his decision, entered on June 13, 1972, the immigration judge found the respondent deportable and granted to him the privilege of voluntary departure. The appeal will be dismissed.

The record relates to a married male alien, 27 years of age, a native and citizen of Ghana, who entered the United States as a nonimmigrant visitor on August 3, 1971, authorized to remain until February 2, 1972. Deportability is conceded. The immigration judge denied the respondent's application for adjustment of status as a matter of discretion. We agree with the decision of the immigration judge.

The respondent applied for a student visa for the United States which was denied, because he was unable, due to foreign exchange regulations of his own country, to establish that he would have sufficient funds. He thereupon joined a travel group which was arranging a charter flight to and tour of the United States. He entered the United States as a member of the group, classified as a visitor for pleasure. Two days later,

he left the group and flew to Oregon, where he commenced studies at the institute which he had previously arranged to attend.

From these facts we find that at the time of the respondent's application for his visitor's visa and his admission as a visitor he had a preconceived intention to be a student in the United States, for which status he had been unable to obtain a visa. We find his use of a pretext to gain entry to the United States to constitute an adverse factor. Where an adverse factor is present, it can be overcome only by a showing of unusual or outstanding equities, *Matter of Arai*, 13 I. & N. Dec. 494, 496 (BIA 1970). We do not find his marriage to a United States citizen— —entered into during the month for which he had requested and been granted voluntary departure in order to make his departure arrangements—alone, to constitute such an unusual or outstanding equity that we would grant him the extraordinary remedy of adjustment of status as a matter of discretion.

**ORDER:** The appeal is dismissed.

*Further order:* Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

Board Member Louisa Wilson, dissenting, would grant adjustment of status under section 245 of the Immigration and Nationality Act.