## MATTER OF WANG

### In Deportation Proceedings

### A-205-49207

*Decided by Board May 24, 1978*

An alien, who has applied for adjustment of status as a nonpreference immigrant, cannot establish exemption from the labor certification requirements of section 212(a)(14) of the Act as an alien who does not intend to enter the labor market, when her sole source of income is $600 a month which her husband in Hong Kong sends to her under a Hong Kong legal separation agreement.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer

ON BEHALF OF RESPONDENT: John F. Sheffield, Esquire
442 Pacific Mutual Building
523 West Sixth Street
Los Angeles, California 90014

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated June 7, 1976, an immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), as a nonimmigrant visitor for pleasure who remained longer than authorized, ordered her deported, but granted her the privilege of voluntary departure in lieu of deportation. He also denied the respondent's application for adjustment of status under section 245 of the Act, 8 U.S.C. 1255. The respondent has appealed from that denial. The appeal will be dismissed.

The respondent, a 38-year-old native and citizen of China, last entered the United States, with her 14 year-old daughter, as a nonimmigrant visitor for pleasure on August 14, 1973. She did not depart as required. At the deportation hearing, the respondent admitted that the allegations of fact in the Order to Show Cause were true and conceded that she was deportable as charged. We, therefore, agree with the immigration judge that deportability as charged has been established by clear, convincing, and unequivocal evidence. The only issue remaining on appeal is the immigration judge's denial of the respondent's application to adjust her status to that of a lawful permanent resident.

The respondent first applied for adjustment of status with the District Director on May 29, 1974. At that time, she applied for a nonpreference immigrant visa. She claimed that she was exempt from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. 1182(a)(14), because she did not intend to enter the labor market. She stated that her living expenses were provided by her husband who sent her money each month from Hong Kong for her support. The District Director denied her application, finding that she did not have sufficient income to support herself and her daughter without the income derived from her husband's employment in Hong Kong, and that if he exempted her on the basis of income supplied from her husband's employment, he would also be granting her husband an exemption from the labor certification requirement since he would then be eligible to enter the United States as a second-preference spouse of a lawful permanent resident, exempt from the labor crtification requirements. The District Director denied the application in the exercise of discretion on the basis that the respondent's application wa part of an attempt to circumvent the requirement of section 212(a)(14) of the Act.

The District Director certified the record and his decision to the Regional Commissioner of the Immigration and Naturalization Service, Southwest Region, for review. The Regional Commissioner in his decision, *Matter of Wang*, Interim Decision 2404 (R.C. 1975), found that there was nothing in the record to contradict the District Director's finding that the respondent was attempting to evade the labor certification requirement of the Act. He agreed that the respondent was dependent on income which her husband earned, and, stated that, since there was no indication that her marriage was not viable, it followed that her husband would probably come to the United States to join her and their daughter, as soon as the respondent became a lawful permanent resident. He, therefore, agreed that her application for adjustment of status should be denied.

The respondent reapplied for adjustment of status before the immigration judge in deportation proceedings on April 1, 1976. She again claimed to be a nonpreference immigrant exempt from the labor certification requirements of section 212(a)(14) of the Act. She again stated that her husband provided her support and that she did not intend to work in this country. By the time of the deportation hearing, the respondent had procured a legal separation from her husband in Hong Kong under which he was required to pay her support in the amount of $600 a month.

The respondent testified at the hearing that she now intended to remain in the United States permanently since she did not see any possibility of a reconciliation with her husband in Hong Kong. Despite this testimony, the immigration judge also found that the respondent

and her husband were attempting to evade the labor certification requirements of section 212(a)(14) of the Act. The immigration judge stated that he did not find credible the respondent's statement that she had no intention of seeing her husband again. He found that, since the respondent had admitted that she was dependent on her husband for support and because there is no guarantee that he will continue sending support payments, the respondent was statutorily ineligible for adjustment of status under section 212(a)(14) of the Act.

The immigration judge also found that the respondent's application for adjustment of status should be denied in the exercise of discretion because he believed that she had entered the United States in 1972 with a preconceived intent to remain permanently and there were no outstanding favorable equities to outweigh this adverse factor. See *Matter of Blas*, Interim Decision 2485 (BIA 1974; A.G. 1976); *Matter of Arai*, 13 I. & N. Dec. 494 (BIA 1970).

On appeal, the respondent claims that the immigration judge incorrectly found both that she was ineligible for adjustment of status, and that the requested relief should be denied in the exercise of discretion. The respondent also argues that the immigration judge should not have considered her husband's financial worth in these proceedings since he is not a party in the present deportation proceedings. She stated that although the evidence submitted should be sufficient to establish that her husband is a wealthy man, no attempt was made to show his entire financial worth, since she was merely attempting to establish her husband's ability to continue to support her. The respondent also argues that her husband's future plans and intentions are irrelevant to the present proceedings. She claims that whether once she is granted adjustment of status, she then applies for preference status for her husband, should not be an issue since the Act provides for just such an application.

Although the respondent does state that she has income in the amount of approximately $100 a month in interest from money she has invested in this country, the bulk of her income comes from her husband in Hong Kong. It is clear that if she were not receiving the money every month from her husband, she would not be able to pay her living expenses without taking some kind of job. The $600 a month which she receives from her husband is the amount specified in a legal separation agreement which she obtained from her husband after the Regional Commissioner had affirmed the District Director's denial of her application for adjustment of status. However, there is no assurance either that this separation agreement will stay in effect for any specified period of time, or that her husband will continue to abide by the terms of the agreement. If her husband did refuse to continue to pay her support, it would be quite difficult for her to enforce the agreement in Hong Kong while

residing in this country. Since it is clear that this support from her husband is essential to the respondent's ability to live in this country without working, if she were to stop receiving this support she would be forced to enter the labor market. We, therefore, find that the respondent has not established that she is exempt from the labor certification requirements of section 212(a)(14) of the Act on the basis of income from a source in another country, when that income may stop at any time. Moreover, an unsecured assurance of support by a nonresident relative does not even measure up to the normal requirement for satisfying this Government that an alien is not likely at any time to become a public charge. Foreign Affairs Manual, Part III, Vol. 9, 22 C.F.R. 42.91(a)(15), Note 1.2(c). It takes the combination of respondent's husband's promised remittances and her employability to overcome this ground.

Since the respondent is applying for adjustment of status as a non-preference immigrant and she has not shown that she is exempt from the labor certification requirements of section 212(a)(14) of the Act, she is statutorily ineligible for relief under section 245 of the Act. Accordingly, her appeal will be dismissed.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is granted the privilege of voluntary departure without expense to the Government within 30 days from the date of this order, or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.