**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-2295**

---

DIAA SAMIR YOUSSEF,

              Petitioner,

     v.

LORETTA E. LYNCH, Attorney General,

              Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted:  July 16, 2015         Decided:  July 29, 2015

---

Before MOTZ, KING, and KEENAN, Circuit Judges.

---

Petition denied in part and dismissed in part by unpublished per curiam opinion.

---

Jeremy L. McKinney, MCKINNEY IMMIGRATION LAW, Greensboro, North Carolina, for Petitioner.  Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Terri J. Scadron, Assistant Director, Manuel A. Palau, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diaa Samir Youssef, a native and citizen of Egypt, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) order denying his application for adjustment of status as a matter of discretion. We deny the petition for review.

When the Board adopts and affirms the IJ's decision, as in this case, and supplements it with its own opinion, we review both decisions. Cordova v. Holder, 759 F.3d 332, 337 (4th Cir. 2014). We lack jurisdiction to review the discretionary grant or denial of an adjustment of status. See 8 U.S.C. § 1252(a)(2)(B)(i) (2012). However, we retain jurisdiction to review constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(D) (2012).

Insofar as Youssef claims that the IJ erred as a matter of law by considering the bona fides of his marriage, we conclude there was no error. When deciding an application for adjustment of status, the IJ may consider equities in the applicant's favor and adverse factors. See Matter of Arai, 13 I. & N. Dec. 494, 495–96 (B.I.A. 1970). Thus, the IJ did not err in considering favorable and adverse factors concerning the bona fides of his marriage. See Agyeman v. INS, 296 F.3d 871, 879 n.2 (9th Cir. 2002). We further conclude that the Board specifically disposed

2

of Youssef's claim that he was denied due process and a fair hearing. (J.A. at 5). To the extent that Youssef challenges the discretionary denial of adjustment of status, we are without jurisdiction. See 8 U.S.C. § 1252(a)(2)(B)(i).

Accordingly, we deny in part and dismiss in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED IN PART
AND DISMISSED IN PART

3