20-2324-ag
*Khan v. Garland*
BIA
Farber, IJ
A042 158 406

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of September, two thousand twenty-one.

PRESENT:     PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
             ROSEMARY S. POOLER,
                  *Circuit Judges.*

_____

BIBI FAZEEMA KHAN, AKA FAZEEMA
BIBI KHAN,

                    *Petitioner*,

             v.                                                    20-2324-ag

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,

                    *Respondent.*

_____

**FOR PETITIONER:**          Meer M. M. Rahman, New York, NY.

**FOR RESPONDENT:**          Brian Boynton, Acting Assistant Attorney General;
                             Justin Markel, Senior Litigation Counsel; Andrew
                             Oliveira, Trial Attorney, Office of Immigration
                             Litigation, United States Department of Justice,
                             Washington, DC.

1

**UPON DUE CONSIDERATION** of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), **it is hereby ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED.**

Petitioner Bibi Fazeema Khan ("Khan"), a native and citizen of Guyana, seeks review of a June 24, 2020, decision of the BIA affirming the August 7, 2019, decision of an Immigration Judge ("IJ") denying Khan's application for adjustment of status as a matter of discretion and ordering her removed. *In re Bibi Fazeema Khan*, No. A042 158 406 (B.I.A. June 24, 2020), *aff'g* No. A042 158 406 (Immig. Ct. N.Y. City Aug. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Where, as in this case, the BIA adopts the decision of an IJ and provides additional reasons for doing so, we consider both the IJ's and the BIA's opinions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our review of the agency's discretionary denial of adjustment of status is limited to colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Guyadin v. Gonzales*, 449 F.3d 465, 468-69 (2d Cir. 2006); *see also Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40-41 (2d Cir. 2008). To determine whether jurisdiction exists, we "study the arguments asserted," and "determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case [we] would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case [we] could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

In determining whether a noncitizen should be permitted to adjust to lawful status as a matter of discretion, the agency weighs the noncitizen's positive attributes against any negative factors. *See Guyadin*, 449 F.3d at 468–69; *Matter of Arai*, 13 I. & N. Dec. 494, 496 (B.I.A. 1970). The agency's determination regarding the weight of these factors is outside the scope of our jurisdiction. *See Guyadin*, 449 F.3d at 469. Khan makes conclusory assertions that the agency's decisions were arbitrary, departed from agency procedures, rested on an impermissible basis, and failed to take into consideration all relevant factors, but she does not provide any support for those arguments. Instead, her only specific argument is that the agency should have given more weight to the IJ's determination that her family will suffer extreme hardship if she is removed. We lack jurisdiction to consider that argument. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *Guyadin*, 449 F.3d at 468–69.

For the foregoing reasons, the petition for review is **DISMISSED** and Khan's motion for a stay of removal is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

2