**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 12 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN MARTINEZ-BALLESTEROS, AKA Alan Martinez, AKA Ramon Alan Martinez-Ballesteros, | No.    19-71544 |
| Petitioner, | Agency No. A205-931-069 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2023**
Phoenix, Arizona

Before:  NGUYEN, COLLINS, and LEE, Circuit Judges.

Alan Martinez-Ballesteros, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals' (BIA) denial of his application for an adjustment

of status.  We lack jurisdiction to review this discretionary decision, and we thus

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismiss the petition.

A noncitizen who has been "inspected and admitted" may apply for an adjustment of status, provided (among other things) that the noncitizen "is admissible to the United States for permanent residence." 8 U.S.C. § 1255(a). Upon receipt of a valid application, the Attorney General has the discretion to adjust the noncitizen's status "to that of an alien lawfully admitted for permanent residence." *Id.* Because the decision to grant or deny an adjustment of status is discretionary, our review is expressly limited by 8 U.S.C. § 1252(a)(2)(B)(i), which provides that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief" under § 1255. This limitation includes "not just 'the granting of relief' but also any judgment *relating to* the granting of relief." *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022).

Although § 1252(a)(2)(D) "preserves review of constitutional claims and questions of law," *Patel*, 142 S. Ct. at 1623, a petitioner may not create jurisdiction simply by dressing up a discretionary decision as a question of law. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Rather, the petitioner must raise a colorable question of law. *See id.* Martinez-Ballesteros's purported legal question, however, fails to do so. He argues that the BIA committed a legal error in reviewing his adjustment of status application under *In re Marin*, 16 I. & N. Dec. 581 (BIA 1978), when it should have applied *In re Arai*, 13 I. & N. Dec. 494 (BIA

2

1970).  But while he is correct that *Marin* and *Arai* concern different forms of discretionary relief, the decisions apply the same standard in the exercise of that discretion.  *See Paredes-Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir. 1994).  Both require the agency to conduct an individualized balancing of positive and negative factors, and neither proposes any limitations on what factors the BIA may consider or how it must weigh them.  *See Arai*, 13 I. & N. Dec. at 495–96; *Marin*, 16 I. & N. Dec. at 584–85.  Because the BIA applied that same standard in denying Martinez-Ballesteros's adjustment of status, we lack jurisdiction to review his petition.  *See Mendez-Castro*, 552 F.3d at 980.

      **DISMISSED.**