19-3956(L)
*Darboe v. Garland*

BIA
McCarthy, IJ
A201 119 754

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of July, two thousand twenty-three.

PRESENT:
> DENNY CHIN,
> SUSAN L. CARNEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

OUSMAN DARBOE,
> *Petitioner,*

v.

No. 19-3956(L),
No. 20-2427(Con)

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        NATHAN YAFFE, Law Office of Matthew Bray, New York, NY, (Suchita Mathur, Zoe P. Levine, Sophia E. Gurulé, *and* Ryan Brewer, The Bronx Defenders, Bronx, NY; Alina Das, Washington Square Legal Services, NYU Immigrant Rights Clinic, New York, NY, *on the brief*).

FOR RESPONDENT:        KEITH I. MCMANUS, Assistant Director, (David M. McConnell, Director, Appellate Section, *and* Claire L. Workman, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

FOR AMICUS CURIAE:        Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, *for* the Governor of New York.

Darius Charney, Baher Azmy, New York, NY, *for* the Center for Constitutional Rights; M. Chris Fabricant, New York, NY, *for* THE INNOCENCE PROJECT, INC.

Sean Hecker, Raymond P. Tolentino, Mahrah M. Taufique, Kaplan Hecker & Fink LLP, New York, NY *for* Movement for Family Power.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner, Ousman Darboe, a native and citizen of The Gambia, seeks review of two BIA decisions: (1) a November 2019 decision adopting and affirming a May 2019 decision of an Immigration Judge ("IJ") denying his applications for

adjustment of status pursuant to section 245(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(a), and for a waiver of inadmissibility under section 212(h) of the INA, 8 U.S.C. § 1182(h); and (2) a July 16, 2020, decision of the BIA denying his motion to reopen proceedings. *In re Ousman Darboe*, No. A201 119 754 (B.I.A. Nov. 14, 2019), *aff'g* No. A201 119 754 (Immig. Ct. N.Y. City May 9, 2019); *In re Ousman Darboe*, No. A201 119 754 (B.I.A. July 16, 2020). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our review of the agency's denial of these discretionary forms of relief is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B), (D); *see also id.* §§ 1182(h) (discretionary waiver of admissibility), 1255(a) (discretionary adjustment of status); *Bugayong v. INS*, 442 F.3d 67, 71–72 (2d Cir. 2006). Moreover, "absent clear proof that the factual basis for [the agency's] decision was unambiguously contradicted by the record, a petitioner raises no constitutional claim[] or question[] of law for [the Court] to review."[1] *Carcamo v. U.S. Dep't of Just.*, 498 F.3d 94, 98 (2d Cir. 2007). The jurisdictional limitation applies to both direct review and motions to reopen addressing the related discretionary relief.

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

*Sepulveda v. Gonzales*, 407 F.3d 59, 64 (2d Cir. 2005) (holding that the § 1252(a)(2)(B) jurisdictional bar that applies to a final order of removal also applies to related motions to reopen). We review constitutional claims and questions of law *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). For the reasons discussed below, Darboe fails to raise a constitutional claim or question of law in either petition for review, and we therefore dismiss both for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D).

## A. Docket Number 19-3956(L)

In the lead petition, Darboe argues that the agency legally erred in denying his application for a § 1182(h) waiver of inadmissibility. "In assessing whether we have jurisdiction to review this argument, we must determine, regardless of the rhetoric employed in the petition," whether Darboe raises constitutional claims or questions of law, or whether he "merely quarrels over the correctness of the factual findings or justification for the discretionary choices [made by the agency], in which case [we] would lack jurisdiction." *Carcamo*, 498 F.3d at 98. We conclude that Darboe challenges only the agency's factual findings and discretionary determinations.

As the spouse of a U.S. citizen, Darboe applied to adjust to lawful permanent resident status, which requires that he "be admissible to the United States." *Drax v. Reno*, 338 F.3d 98, 113 (2d Cir. 2003) (citing 8 U.S.C. § 1255(a)).

4

Darboe's New York robbery conviction rendered him inadmissible under 8 U.S.C. § 1182(a)(2)(A)(i)(I), as a [non-citizen] "convicted of . . . a crime involving moral turpitude." Thus, he needed to apply for a waiver of inadmissibility under § 1182(h) in conjunction with his application for adjustment of status.

Under § 1182(h), "[t]he Attorney General may, in his discretion, waive" inadmissibility based on convictions of crimes involving moral turpitude for those who establish that the "denial of admission would result in extreme hardship to [a] United States citizen . . . spouse, parent, son, or daughter of such [non-citizen]." Even if an applicant satisfies the hardship requirement, the agency may nonetheless deny the waiver as a matter of discretion. *See Bugayong*, 442 F.3d at 73. In deciding whether to exercise discretion, the IJ "must balance the adverse factors evidencing a[] [non-citizen]'s undesirability as a permanent resident with the social and humane considerations presented on [the non-citizen's] behalf to determine whether the grant of relief in the exercise of discretion appears to be in the best interests of this country." *In re Mendez-Moralez*, 21 I&N Dec. 296, 300 (B.I.A. 1996). The positive equities include family ties in the United States; residence of a long duration here, particularly from a young age; hardship to the non-citizen and his family; stable employment history; genuine rehabilitation from any past crimes; evidence of value and service to the community; and other evidence of good character. *Id.* at 301. Adverse factors

include the circumstances underlying inadmissibility, violations of immigration laws, criminal history, and other evidence indicative of "bad character or undesirability as a permanent resident." *Id.*

In denying Darboe's application for a waiver of inadmissibility, the IJ found that the negative factors in this case outweigh the positive equities.[2] In so doing, the IJ acted within the bounds of the law. The IJ acknowledged the positive equities of Darboe's close relationship with his wife and daughter, his wife's financial struggles, and his family ties and lengthy residence in the United States. Further, contrary to Darboe's contention, the IJ did not ignore evidence of mental health issues, rehabilitation, or financial support, such that we could conclude that the IJ legally erred on this record. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009) ("[T]he agency does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy.").

The agency also did not mischaracterize the facts or err as a matter of law in discussing Darboe's criminal history. The IJ did not treat a youthful offender adjudication as an adult conviction; rather, the IJ restated Darboe's history as

---

[2] We do not address Darboe's argument that the IJ erred in its hardship analysis because the IJ made clear that even if Darboe had established "exceptional and extremely unusual hardship," "a favorable exercise of discretion" is not merited. App'x at 25; *see Bugayong*, 442 F.3d at 73 ("[T]he 'extreme hardship' analysis is only a threshold finding that an IJ must ordinarily make before reaching the ultimate, and separate, determination as to whether he should exercise his discretion in favor of a petitioner.").

revealed in his criminal record and testimony and noted Darboe's youthful offender adjudications and his single adult conviction. The arrests cited by the IJ that did not lead to convictions or adjudications have virtually no probative value in and of themselves, but the IJ directly asked Darboe about his criminal record, and Darboe either admitted to the underlying conduct, or admitted being present when the crime occurred. In light of this and Darboe's prior youthful offender adjudications and adult conviction, we cannot disrupt the agency's decision. *See Bugayong*, 442 F.3d at 71–72.

The IJ also did not err in relying, in part, on the adverse credibility determination to deny relief as a matter of discretion because that determination was based on Darboe's inconsistent and hesitant testimony regarding his criminal history—facts relevant to Darboe's rehabilitation and thus his desirability as a permanent resident of this country. *See In re Mendez-Moralez*, 21 I&N Dec. at 301. We cannot conclude that the IJ mischaracterized the record in finding Darboe's testimony inconsistent regarding his arrest and conviction for robbery: Darboe testified that police suspected him only as a result of his past criminal history, the victim did not report him to police, and he did not commit the crime; but he later admitted that the victim knew him, had identified him, and had told police he stole from her, and he pled guilty to the robbery. Further, contrary to Darboe's contention, he was provided two opportunities to explain the inconsistency

7

between his claim of innocence and guilty plea. The agency also did not mischaracterize the record in finding his testimony inconsistent as well as hesitant and vague as to his orders of protection.[3]

Accordingly, Darboe has not raised constitutional challenges or questions of law as it relates to the agency's denial of a waiver of inadmissibility as a matter of discretion, and we therefore deny his petition for review in 19-3956(L) for a lack of jurisdiction.

## B. Docket Number 20-2427(Con)

Darboe moved to reopen his removal proceedings after the Governor of New York pardoned him for his robbery conviction. He argued that he no longer required a waiver of inadmissibility to apply for adjustment of status because the pardon vacated the conviction that rendered him inadmissible. The BIA may deny a motion to reopen on any of the following grounds: (1) "the movant has not established a prima facie case for the underlying substantive relief sought," (2) "the movant has not introduced previously unavailable, material evidence,"

---

[3] Although we agree with Darboe that the record does not support the IJ's finding that Darboe's testimony about how many headphones or cell phones he stole was inaccurate, this mistaken finding alone is insufficient to raise a constitutional question or question of law as to the IJ's denial of his waiver such that we would have jurisdiction over his petition for review. *Mendez*, 566 F.3d at 323 (explaining that an agency does not commit an error of law each time it describes the evidence with imperfect inaccuracy). *Cf. Hong Fei Gao v. Sessions*, 891 F.3d 67, 77 (2d Cir. 2018) (explaining in context of petition for review not subject to the jurisdictional limitations that remand is warranted when we "cannot confidently predict that absent these errors" the IJ would make the same adverse credibility finding).

and (3) "in cases in which the ultimate grant of relief is discretionary . . . , the BIA may leap ahead . . . over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." *INS v. Abudu*, 485 U.S. 94, 104–05 (1988). In denying Darboe's motion, the BIA determined that notwithstanding the Governor's pardon, Darboe had not established that he merited adjustment as a matter of discretion. Darboe raises no constitutional claim or question of law as to the BIA's dispositive finding, and we therefore dismiss his petition for lack of jurisdiction. *See Sepulveda*, 407 F.3d at 64.

Insofar as the BIA concluded that Darboe did not warrant a favorable exercise of discretion as to a waiver of inadmissibility and adjustment of status despite his pardon, we find no merit to Darboe's arguments that the BIA applied an incorrect standard in exercising its discretion, in the specific circumstances of this case. Although there are some differences between the applicable discretionary standards, both forms of discretionary relief require the agency to consider "favorable factors such as family ties, hardship, length of residence in the United States," and negative factors such as criminal history and lack of credibility, which the agency considered in Darboe's case. *Matter of Arai*, 13 I&N Dec. 494, 496 (B.I.A. 1970); *see also In re Mendez-Moralez*, 21 I&N Dec. at 301; *Matter*

9

*of Gamboa*, 14 I&N Dec. 244, 248 (B.I.A. 1972). Further, the BIA was permitted to consider Darboe's criminal history, including his youthful offender adjudications, as well as his lack of credibility in testifying about that history, when weighing the negative factors against the positive equities. *See Matter of Arai*, 13 I&N Dec. at 496; *In re Mendez-Moralez*, 21 I&N Dec. at 301. As such, Darboe has not demonstrated that the agency's discretionary analysis raises a constitutional or legal question. [4] *See Bugayong*, 442 F.3d at 71–72. Because the BIA's determination that Darboe had not established that he warranted adjustment of status as a matter of discretion was dispositive, we deny the petition in 20-2427(Con) for lack of jurisdiction.[5] *See Abudu*, 485 U.S. at 104–05.

For the foregoing reasons, the petitions for review are DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court

---

[4] We affirm the BIA's decision as to Darboe's ineligibility for voluntary departure on the same basis, as our review is limited to constitutional claims or legal questions, which he has not raised. *See Carcamo*, 498 F.3d at 97 ("[W]e are barred by statute from reviewing the denial of a request for voluntary departure.") (citing 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . .")).

[5] Because we conclude that the BIA's exercise of discretion to decline Darboe's request for adjustment of status is unreviewable, we need not determine whether his pardon relieved him of the requirement of applying for a waiver of inadmissibility. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *see also Sepulveda*, 407 F.3d at 64.