## MATTER OF LAM

### In Deportation Proceedings

### A–21068985

### *Decided by Board January 6, 1978*

The fact that a labor certification depends upon qualifying experience gained through unauthorized employment in the United States would not in itself justify refusal to grant adjustment of status in the exercise of discretion, where the employment has been determined to be of potential benefit to the United States because of a shortage of United States workers. *Matter of Leung,* Interim Decision 2530 (D.D. 1976) and *Matter of Yarden,* Interim Decision 2513 (R. C. 1976) are disapproved.

CHARGE:

Order: Act of 1952—Section 241(a)(2), I. & N. Act, [8 U.S.C. 1251(a)(2)]—
Nonimmigrant visitor—remained longer than permitted

ON BEHALF OF RESPONDENT: Winston W. Tsai, Esquire
Suite 1022
1028 Connecticut Avenue
Washington, D.C. 20036

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

This is an appeal from the immigration judge's denial of the relief of adjustment of status in a decision entered on February 3, 1977, in which the immigration judge granted to the respondent the privilege of voluntary departure. The appeal will be sustained.

The record relates to a married male alien, 40 years of age, who is a native and citizen of China. He was admitted to the United States on February 6, 1973, as a nonimmigrant visitor. He was originally found deportable in an earlier decision by the immigration judge on January 12, 1976. The finding of deportability rested on the respondent's admissions. The respondent did not appeal from that decision. He thereafter obtained reopening of the proceedings in order to apply for adjustment of status. This appeal is brought from the immigration judge's subsequent denial of that relief.

The respondent is a specialty cook of Chinese style food. He has been employed as a Chinese cook by the China Shoppe Restaurant in Maryland from May 1976 to the present time. He was previously employed by the Red Blazer Restaurant from January 1976 to April 1976 in New

432

York, by the Horse River Restaurant in Maryland from May 1974 to December 1975, and by the Oriental Garden Restaurant in Virginia from April 1973 to April 1974. The China Shoppe Restaurant filed a labor certification application on behalf of the respondent, which was approved on April 15, 1976. A sixty-preference petition filed by the China Shoppe Restaurant on behalf of the respondent was approved on June 30, 1976.

On the labor certification application the China Shoppe Restaurant specified that two years experience was required for the position offered. All of the qualifying experience shown by the respondent in support of the labor certification was gained in the United States as listed above. At his deportation hearing the respondent testified that his sole experience as a cook prior to coming to the United States consisted of part-time work of about ten hours a week for several months during 1970 (Tr. p. 6). Inasmuch as that experience did not amount to the two years of experience required by the United States employer, the respondent's eligibility for a labor certification must necessarily depend upon the experience he gained while in the United States.

Because the respondent's qualifying employment experience was gained while he was here as a nonimmigrant visitor and later as an overstay, the immigration judge declined to exercise his discretion favorably to the respondent and denied him adjustment of status. The issue posed is whether the fact that qualifying experience for a labor certification was gained by employment which was not authorized under the immigration laws constitutes a factor adverse to the exercise of discretion, when considering an application for adjustment of status.

We have previously considered the general issue in the case of *Matter of Arai*, 13 I. & N. Dec. 494 (BIA 1970). Arai, like the present respondent, sought adjustment of status on the basis of an approved labor certification as a specialty cook. In that case, as in this, no finding was made by the immigration judge that the respondent was other than a bona fide visitor when he first arrived in the United States. The immigration judge, however, considered Arai's taking of employment as an adverse factor. We reversed the immigration judge and held that the case presented no adverse factors affecting the respondent's application. We characterized the employment as a potential benefit to the United States inasmuch as there was a shortage of United States workers in his field of employment. The Labor Department, by certifying the application, had so determined.

In the case before us the immigration judge, in declining to exercise discretion favorably, focused on the fact that the unauthorized employment was crucial to eligibility for the labor certification, rather than on the fact that the employment was unauthorized. While the focus is thus somewhat different from Arai's case, the immigration judge's considera-

433

tion of the employment as an adverse factor is nonetheless inconsistent with the decision in *Matter of Arai, supra.* Inasmuch as the recitation of facts in *Arai* did not specify to the contrary, we must assume that Arai's work experience in the United States was crucial to his labor certification, as was the respondent's. The immigration judge's decision below that approval of a labor certification should be disregarded in the exercise of discretion when the experience was gained in the United States by means of unauthorized employment cannot, therefore, be reconciled with the decision in *Matter of Arai, supra.*

When a labor certification has been granted concerning employment, it has been determined that the employment is not detrimental to the United States labor market. An important concern of our immigration laws is the protection of our domestic economy. Taking unauthorized employment in violation of law may be an adverse discretionary factor. However, this is offset when unauthorized employment is not detrimental, and is in fact of potential benefit to our country, in view of the shortage of United States workers. In this case not only has a labor certification been granted for the employment, but a sixth-preference petition as well.

We are aware that the Service has previously addressed the same issue in two cases and has held that discretionary relief should be denied to an alien in the above circumstances in the absence of unusual or outstanding equities. *Matter of Leung,* Interim Decision 2530 (D.D. 1976).[1] *Matter of Yarden,* Interim Decision 2513 (R.C. 1976) (dicta). The facts in *Matter of Leung, supra,* were very similar to those in this case. In that case as in this, the respondent was issued a labor certification and accorded sixth-preference status on the basis of experience as a specialty cook, which experience had been acquired while in the United States, after admission as a nonimmigrant visitor for pleasure.

Neither Service decision, however, makes reference to the decision of *Matter of Arai, supra.* While the immigration judge's decision below does cite *Arai* for its enunciation of the general standard for the exercise of discretion, it does not mention that the result reached is directly contrary to the result reached in *Arai.* The decision below and those of *Leung* and *Yarden* did not attempt to distinguish *Arai,* and in our view are inconsistent with *Arai.* Accordingly, we disapprove of the Service's decisions in *Matter of Yarden, supra,* and *Matter of Leung, supra.*[2]

---

[1] "In the absence of unusual or outstanding equities, an alien will not as a matter of administrative discretion be accorded permanent resident status on the basis of a labor certification issued under section 212(a)(14) of the Immigration and Nationality Act, where the labor certification is predicated upon employment while unlawfully in the United States." *Matter of Leung, supra.*

[2] We note that the issue may be mooted to some extent by the Immigration and Nationality Act Amendments of October 20, 1976, which took effect on January 1, 1977,

The respondent has established visa availability and appears to be otherwise qualified for the requested relief.

ORDER: The appeal is sustained and the respondent is granted adjustment of status subject to necessary processing by the Service.

FURTHER ORDER: The outstanding order of deportation is withdrawn.

---

(Public Law 94-571, 90 Stat. 2703). Section 245 of the Act as amended now provides that the relief of adjustment of status is not available to:

> . . . an alien (other than an immediate relative as defined in section 201(b)) who hereafter continues in or accepts unauthorized employment prior to filing an application for adjustment of status. Section 245(c)(2).