MATTER OF KHAN

In Deportation Proceedings

A-21187278

*Decided by Board August 21, 1980*

(1) Where the employment of the applicant for adjustment of status under section 245 of the Act, 8 U.S.C. 1245, was neither authorized by the Service nor found not to have an adverse impact on this country's labor market, the unauthorized employment was a negative factor to be considered in the exercise of discretion. *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970), and *Matter of Lam*, 16 I&N Dec. 432 (BIA 1978), distinguished.

(2) Although unauthorized employment is an adverse consideration, that factor alone should not ordinarily result in the discretionary denial of adjustment of status to those individuals who are statutorily eligible for that relief and who present no other negative considerations.

(3) Adjustment of status should not be denied in the exercise of discretion to the respondent, who was certified as a member of the professions in 1976 and who presented no adverse considerations other than his unauthorized employment.

CHARGE:

Order:  Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student—
        remained longer than permitted

ON BEHALF OF RESPONDENT:                    ON BEHALF OF SERVICE:
Samuel D. Myers, Esquire                    George W. Masterton, Esquire
230 West Monroe Street                      Appellate Trial Attorney
Suite 2812
Chicago, Illinois 60606

BY:  Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The respondent appeals from the July 6, 1978, decision of the immigration judge finding him deportable as charged, denying his application for adjustment of status in the exercise of discretion, but granting him the privilege of voluntary departure. The appeal will be sustained and the record remanded.

The respondent is a 30-year-old native and citizen of India, who entered the United States as a nonimmigrant student in September 1974. He had entered to study mechanical engineering at the Chicago Technical College and was authorized to remain until September 29,

1975. Shortly after entry, the applicant began part-time employment without applying for permission to work. He testified that it had become necessary for him to work because his mother's asthma condition worsened almost immediately after he left India and because his funds in India, which he had planned to use for his education, were necessary to support her.[1] The respondent successfully finished his first semester, but then left school because of a shortage of funds and began full-time employment. He later enrolled in a masters degree program at Northeastern University and in January 1977 was a full-time day student at DePaul University.

In July 1975, while still within the period he was authorized to remain as a student, the respondent applied for a labor certification as a member of the professions, i.e. a chemist. See 29 C.F.R. 60.3(b) (1975). The petition was approved in June 1976. The respondent then applied to the District Director for adjustment of status as a nonpreference immigrant. The application was denied in April 1977. An Order to Show Cause was issued in June 1977 charging the respondent with being deportable under section 241(a)(2) of the Act, 8 U.S.C. 1251(a)(2), as an "overstayed" nonimmigrant.

At the deportation hearing in August 1977, the respondent conceded deportability, but renewed his application for adjustment of status. The immigration judge found him statutorily eligible for that relief, but denied adjustment in the exercise of discretion because of the respondent's unauthorized employment. The immigration judge found this case distinguishable from *Matter of Arai*, 13 I&N Dec. 494 (BIA 1970) and *Matter of Lam*, 16 I&N Dec. 432 (BIA 1978). He noted that the unauthorized employment in those cases was found not to be detrimental because labor certifications were ultimately granted for the very employment in question, whereas in this case the respondent was never granted a labor certification for the unauthorized employment he engaged in. The immigration judge concluded that the equities presented by the respondent were not sufficient to outweigh this adverse consideration. Adjustment of status was, therefore, denied in the exercise of discretion.

---

[1] The record file includes an affidavit from the respondent's mother in which she indicates that she seriously suffered from asthma starting on October 3, 1974. She stated that by the time she recovered from her asthma, she was afflicted with a serious attack of tuberculosis. The record also includes a statement from a physician in India that he treated the respondent's mother for chronic bronchial asthma starting in "about" October 1974 and a certificate from the director of a tuberculosis clinic that she had been undergoing treatment since September 12, 1975. The respondent's mother indicated that her medical expenses precluded her from sending her son money for his education. Although the immigration judge questioned whether the respondent's mother's illness was the reason he began working, the nature and circumstances of the mother's illnesses were not placed in doubt.

The respondent appeals from the denial of adjustment of status. Through counsel, he submits that unauthorized employment should not of itself lead to a discretionary denial of adjustment of status to a respondent who is statutorily eligible for such relief. It is submitted that *Matter of Arai, supra,* and *Matter of Lam, supra,* are controlling here, that the immigration judge erroneously failed to give any weight to the favorable fact that the respondent had an approved labor certification as a professional, and that relief should have been granted in the exercise of discretion. Counsel submits that unauthorized employment should not alone be determinative of the discretion issue because "of the common knowledge that almost every applicant for permanent residence has worked without permission."

We agree with the immigration judge that the facts here are distinguishable from those in *Matter of Arai, supra,* and *Matter of Lam, supra.* In both *Arai* and *Lam,* the respondents, who had worked without permission, were ultimately certified by the Department of Labor for the very employment they had previously engaged in. Thus, the Department of Labor found that their employment was not of a nature to have any adverse impact on the American labor market. Their employment in fact was necessary to the employer who applied for the labor certification on their behalf. Under these circumstances, we found that the unauthorized employment should not be deemed an adverse factor in determining whether adjustment of status was warranted in the exercise of discretion.

In this case, as noted by the immigration judge, the respondent's employment was neither authorized by the Service nor found not to have had an adverse impact on this country's labor market. Under these circumstances, unauthorized employment is a negative consideration to be weighed in the exercise of discretion.

This conclusion, however, is not dispositive of the case before us. Although unauthorized employment of the type at issue here is an adverse factor, we find that this factor alone should not ordinarily result in the discretionary denial of adjustment of status to those individuals who are statutorily eligible for that relief and who present no other negative considerations.[2]

In this regard, we note that as of January 1, 1977, section 245(c) of the Act has expressly precluded certain aliens from adjusting their status if they engaged in unauthorized employment. This statutory

---

[2] The nature and circumstances of an individual's unauthorized employment, however, may in certain cases be such as to alone warrant a discretionary denial of relief absent a showing of significant countervailing equities (*e.g.,* where it is clear that the employment had a significant adverse impact on the labor market or where the timing of the employment cast doubts on the individual's true intentions at the time of entry as a nonimmigrant).

preclusion does not apply to those individuals whose only unauthorized employment occurred prior to January 1, 1977, or who engaged in unauthorized employment after filing their adjustment application, or who qualify as "immediate relatives" of United States citizens. We decline to adopt a rule regarding the exercise of discretion which could in effect expand this statutory bar beyond the limits set by Congress and prevent adjustment of status to all aliens who engaged in unauthorized employment. Accordingly, we conclude that if an individual is not within the scope of the section 245(c)(2) bar and if his or her unauthorized employment is the only adverse matter of record, adjustment of status should not ordinarily be denied in the exercise of discretion.

In the present case, the respondent was denied adjustment of status because the immigration judge did not find sufficient countervailing equities to offset the adverse impact of the respondent's unauthorized employment.[3] There were no other adverse matters identified. It was not concluded that the respondent had entered with a preconceived intent to remain permanently or that he had engaged in any fraud or misrepresentation in connection with his application for his student visa. He had no prior immigration violations nor any criminal record. His certification as a professional chemist in 1976 indicated that he could be a "definite boon to the American culture and workforce." *See Matter of Stamatiades*, 11 I&N Dec. 643, 645 (D.D. 1966).

Under these circumstances, we find that the respondent should not be denied adjustment of status in the exercise of discretion. The appeal will accordingly be sustained. The record will be remanded for further processing of the respondent's application for adjustment of status and for the entry of an order not inconsistent with the foregoing decision.

ORDER: The order of the immigration judge is vacated and the record is remanded for further proceedings consistent with this decision.

---

[3] This case is not controlled by section 245(c)(2). Both the employment in question here and the filing of the adjustment application by the respondent occurred prior to January 1, 1977.