**Keshabhai PATEL, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

**No. 83-2548.**

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1984.

Decided July 5, 1984.

---

James Canfield, Rockford, Ill., for petitioner.

Hillary B. Burchuk, Washington, D.C., for respondent.

Before WOOD, CUDAHY and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Keshabhai Patel, a native and citizen of India, seeks review of the Board of Immigration Appeals' denial of his petition for adjustment of his status to permanent resident. We affirm the Board's decision.

### I.

Petitioner entered this country on June 29, 1973, as a non-immigrant student, 8 U.S.C. § 1101(a)(15)(F) (1982), shortly before his thirtieth birthday. He left his wife and two young children behind in India. Petitioner enrolled as a full-time student at Northwestern Business College in Chicago effective July 6, 1973. Also that July, petitioner began working at a full-time job without authorization from the Immigration and Naturalization Service as required by 8 C.F.R. § 109.1(b)(1)(ii) (1984). Two months later, petitioner took a second job, again without authorization from the Service, at which he worked sixteen hours a week. Petitioner worked full-time at his first job from July 1973 through November 1974 and again from April to August 1975; he worked part-time at his second job from September 1973 to May 1975. Petitioner began working full-time at his present job as a press operator at Elk Grove Rubber and Plastics Company in January 1975, still without authorization. Thus, as soon as he arrived in this country and enrolled in school, petitioner began working full-time, and, for most of the time of his enrollment, he also worked a second, part-time job.

Petitioner explains that he needed to work because he brought only $300 into the country and his father, who was to support him from abroad, sent him only $500 and was unable to send him more money. Petitioner had planned to live with a sponsor in this country, but the sponsor left for India shortly after petitioner arrived and did not return. At his hearing before an immigration judge, petitioner claims that he explained why his family was unable to support him from India, but the tape recording did not pick up his explanation so this testimony was not reflected in the transcript of the proceedings.

Petitioner's tuition receipts indicate that his school enrollment ended in late 1975. His three-year student status expired in June 1976. In February 1976, petitioner's employer applied for a certification from the Department of Labor that United States workers were unavailable for employment in the position that petitioner held and that petitioner's employment would not adversely affect the situation of similarly employed United States workers. *See* 8 U.S.C. § 1182(a)(14). A labor certification was issued in December 1976. Petitioner applied for an adjustment of his status to permanent resident under 8 U.S.C. § 1255(a) on December 30, 1976, two days before a change in the law went into effect

that would have made him ineligible for adjustment due to his unauthorized employment. *See* 8 U.S.C. § 1255(c).

The district director of the Chicago office of the Immigration and Naturalization Service denied petitioner's application for status adjustment on August 14, 1978, and gave petitioner a month to depart voluntarily. When petitioner failed to leave the country, the Service issued an order to show cause why he should not be deported, and then set up a deportation hearing. 8 U.S.C. § 1251(a)(2). At the deportation hearing, petitioner renewed his application for adjustment of status. *See* 8 C.F.R. § 245.2(a)(4). The immigration judge who presided over the hearing exercised his discretion to deny petitioner's application for adjustment to permanent resident status. He also gave petitioner the option to leave the country voluntarily, although he could have ordered deportation. 8 U.S.C. § 1254(e). Petitioner appealed to the Board of Immigration Appeals, which affirmed the immigration judge's decision and dismissed the appeal. Petitioner moved for reconsideration under 8 C.F.R. § 3.2, but the Board took no action. Petitioner then sought our review.

## II.

■ The adjustment of an alien's status to permanent resident under 8 U.S.C. § 1255(a) first requires satisfaction of three statutory requirements,[1] which is not contested here. Upon meeting the statutory requirements, an applicant is eligible for but not entitled to adjustment of status. *United States ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72, 77, 77 S.Ct. 618, 621, 1 L.Ed.2d 652 (1957); *Jain v. Immigration and Naturalization Service*, 612 F.2d 683, 687 (2d Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789

(1980). The applicant bears the burden of proving that his application merits a favorable exercise of discretion, which is an extraordinary act and a matter of grace. *Chan v. Immigration and Naturalization Service*, 631 F.2d 978, 980 (D.C.Cir.1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1371, 67 L.Ed.2d 349 (1981); *Jain*, 612 F.2d at 687. Our review of the Board's denial of petitioner's application thus is limited to an examination of the record to determine whether or not the Board abused its discretion. *Chan*, 631 F.2d at 981; *Fulgencio v. Immigration and Naturalization Service*, 573 F.2d 596, 597 (9th Cir.1978).

■ In exercising its discretion, the Board must balance the adverse and favorable factors concerning the alien's application. A preconceived intent to remain permanently in the United States indicates that the alien misrepresented his intentions when applying for entry as a non-immigrant. Absence of good faith entry is considered a critical adverse factor in an application for adjustment of status. *Von Pervieux v. Immigration and Naturalization Service*, 572 F.2d 114, 118 (3d Cir.1978); Sen.Rep. No. 1651, 86th Cong., 2d Sess., *reprinted in* 1960 U.S.Code Cong. & Ad. News 3124, 3147 (only those aliens who enter in good faith are entitled to the benefits of § 245(a)). This factor alone may be sufficient to deny adjustment to permanent resident status. *Jain*, 612 F.2d at 687–89; *Fulgencio*, 573 F.2d at 597. Unauthorized employment beginning shortly after entry has been considered evidence of a preconceived intent to remain. *Ameeriar v. Immigration and Naturalization Service*, 438 F.2d 1028, 1033 (3d Cir.) (en banc), *cert. dismissed*, 404 U.S. 801, 92 S.Ct. 21, 30 L.Ed.2d 34 (1971); *Chen v. Foley*, 385 F.2d 929, 935–36 (6th Cir.1967), *cert. denied*, 393 U.S. 838, 89 S.Ct. 115, 21 L.Ed.2d 109

---

**1.** Section 245 of the Immigration and Nationality Act reads:

 (a) The status of an alien who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if

 (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added).

(1968). *Cf. Matter of Khan*, 17 I. & N. Dec. 508, 510 (BIA 1980) (unauthorized employment absent other negative factors should not prompt discretionary denial of adjustment).

 Other adverse factors also may justify a discretionary denial of adjustment. A lack of close family ties in the United States, for example, is an adverse factor that has been held sufficient reason to deny an adjustment. *Jarecha v. Immigration and Naturalization Service*, 417 F.2d 220, 225 (5th Cir.1969); *Santos v. Immigration and Naturalization Service*, 375 F.2d 262, 264 (9th Cir.1967); *see also Chan*, 631 F.2d at 984. An applicant may offset adverse factors by showing unusual or outstanding equities in his favor, such as close family ties in this country, hardship, or length of residence in the United States. *See Jain*, 612 F.2d at 687; *Von Pervieux*, 572 F.2d at 119; *Matter of Arai*, 13 I. & N. Dec. 494, 496 (BIA 1970).

 Sufficient adverse factors exist here to uphold denial of petitioner's application as a proper exercise of discretion. The Board found insufficient favorable factors to outweigh the adverse evidence that petitioner had entered this country with a preconceived intent to remain here permanently. As evidence of a preconceived intent to remain, the Board considered petitioner's arrival with little money and commencement of unauthorized employment soon thereafter, which alone may be sufficient to show a preconceived intent to remain. *See Jain*, 612 F.2d at 687–89. While petitioner attempts to explain that unexpected circumstances—his sponsor's return to India and his family's inability to support him—necessitated his hasty commencement of employment, other factors such as his employment in two jobs at once during most of his school enrollment and his failure to complete his education once financially able to do so still support the Board's decision as a proper exercise of discretion.

 The Board also was within its discretion to hold that petitioner's labor certification was not a sufficiently favorable factor to outweigh the adverse factor of unauthorized employment. The Board has held that applicants who engaged in unauthorized employment but had labor certifications for their jobs were entitled to adjustments of status. *See Matter of Lam*, 16 I. & N. Dec. 432 (BIA 1978); *Arai*, 13 I. & N. Dec. 494 (BIA 1970). However, in both of these cases the applicants were found to have entered the country as bona fide non-immigrants. *See Lam*, 16 I. & N. Dec. at 433; *Arai*, 13 I. & N. Dec. at 495. Here, in contrast, adverse evidence of a preconceived intent to remain is present and may support denial of adjustment regardless of the labor certification.

 Further, even apart from the evidence of a preconceived intent to remain, petitioner's lack of close family ties in the United States would suffice to justify denial of adjustment as a proper exercise of discretion. *See Jarecha*, 417 F.2d at 225. Even if, as petitioner claims, his brother is a permanent resident here, petitioner's wife and two children remain in India. If a sufficient reason for the exercise of discretion to deny an application exists, any ill-advised reason for the denial may be disregarded as mere surplusage. *Santos*, 375 F.2d at 264.

 Finally, petitioner has not presented any outstanding equities in favor of his application for adjustment other than the length of his stay in the United States. Petitioner is correct in noting that he was not responsible for the long delays between rulings on his application for adjustment, which have extended his three-year authorized stay as a non-immigrant student to eleven years in this country. The combination of a labor certification and long stay in this country, however, has been rejected as a favorable factor in consideration of a status adjustment. *Chan*, 631 F.2d at 984–85 (judicial delay cannot be used to support extraordinary relief). The Board has granted petitioner the option to depart voluntarily rather than face deportation; there was no abuse of discretion in refusing to grant permanent resident status.

### III.

Petitioner objects that the transcript of the proceedings before the immigration judge failed to reflect his explanation as to why his family in India became unable to support him, and thus the record before the Board on appeal omitted evidence of vital importance to petitioner's application. Petitioner moved for Board reconsideration under 8 C.F.R. § 3.2. No action was taken. As adduced at oral argument, petitioner may have filed the motion improperly, and the Board may have failed to inform petitioner of the improper filing. Nonetheless, petitioner apparently still could move to reopen the Board's decision, even at this late date, to present the missing testimony. *See* 8 C.F.R. § 3.2. Of course, should the Board reopen or reconsider its decision, nothing in this opinion precludes the Board from reaching a different decision.

Even assuming *arguendo* that the missing testimony detailed some unexpected calamity which prevented petitioner's family from supporting him, the Board's decision denying permanent resident status still would not be an abuse of discretion. The Board considered a host of factors, including petitioner's failure to complete school once financially able to do so, *cf. Khan,* 17 I. & N.Dec. at 509, and his close family ties in India, which sufficiently support the discretionary denial of his application regardless of the content of the missing testimony.

### IV.

We affirm the Board of Immigration Appeals' decision.