## MATTER OF AMORNVOOTISKUL

### In Deportation Proceedings

A-22450984
A-22450985

*Decided by Board April 1, 1986*

(1) Under the pertinent provisions of section 19 of the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97-116, 95 Stat. 1611 [codified at 8 U.S.C. § 1151 (1982)], an alien is not subject to the numerical limitations of the Act if he was present in the United States on or before June 1, 1978, and was qualified as a nonpreference immigrant under section 203(a)(8) of the Act, 8 U.S.C. § 1153(a)(8) (1982); was exempt from the labor certification requirement of section 212(a)(14) of the Act, 8 U.S.C. § 1182(a)(14) (1982), as a qualified investor; and properly filed an application for adjustment of status to that of an alien lawfully admitted for permanent residence, which is still pending.

(2) Section 19 of the 1981 Amendments to the Act has been interpreted by the Immigration and Naturalization Service in its regulations to mean that an application for adjustment of status may be approved after June 1, 1978, provided that the applicant has a priority date on or before June 1, 1978, and meets the other requirements of section 19.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrants—remained longer than permitted

ON BEHALF OF RESPONDENTS:
Robert S. Bixby, Esquire
Fallon, Bixby, McVey & Cheng
30 Hotaling Place
San Francisco, California 94111

ON BEHALF OF SERVICE:
Leonard A. Rosenberg
Assistant District Counsel

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

This case was last before us on February 13, 1980, when we sustained the respondents' appeal from the immigration judge's April 24, 1979, denial of their application for adjustment of status and remanded the record to the immigration judge for reconsideration of their application for adjustment relief. On August 10, 1984, the immigration judge found the respondents eligible for adjustment relief and granted their application as a matter of discretion. The

Immigration and Naturalization Service appealed.[1] The immigration judge's decision will be affirmed.

The pertinent facts relating to the merits of the investment were fully discussed in the immigration judge's August 10, 1984, decision. For purposes of clarity we will only discuss the facts that directly relate to the issues raised on appeal.

The respondents, a married couple, are natives and citizens of Thailand. The male respondent is 37 years old, and the female respondent is 38 years old. The male respondent was admitted to the United States on or about February 12, 1969, as a nonimmigrant student. Including extensions, he was authorized to remain in the United States until February 16, 1976. The female respondent was admitted on or about November 25, 1973, as a nonimmigrant student authorized to remain until November 24, 1974. On June 30, 1976, the respondents applied to an Immigration and Naturalization Service district director for adjustment of status to that of permanent residents under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1245 (1982). In a decision dated September 1, 1977, the district director denied the application and granted the respondents the privilege of departing from the United States on or before September 15, 1977, without the issuance of Orders to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S). The respondents did not depart, and on November 24, 1978, Orders to Show Cause were issued alleging that they were deportable under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982), on the ground that they had remained in the United States longer than permitted. On April 24, 1979, the respondents conceded deportability as charged and proceeded to renew their application for adjustment of status pursuant to 8 C.F.R. § 245.2(a)(4) (1986).

In his April 24, 1979, decision the immigration judge found the respondents deportable as charged. He also concluded that the female respondent did not qualify for adjustment of status as an investor as defined in 8 C.F.R. § 212.8(b) (1979). He therefore concluded that the male respondent's application for adjustment should also be denied, but only as a matter of discretion, because his wife was ineligible. Our February 13, 1980, decision disagreed with the immigration judge's basis for concluding that the female respondent was ineligible for adjustment of status as an investor. We therefore remanded the record to the immigration judge for reconsideration of both respondents' applications for adjustment.

---

[1] In response to the Service appeal, the respondents' counsel has questioned the timeliness of the appeal. In order to remove any jurisdictional questions, we are considering this appeal on certification pursuant to 8 C.F.R. § 3.1(c) (1986).

On remand a new immigration judge conducted a hearing on April 10, 1981, regarding the application for adjustment of status. At that time the Service, through its trial attorney, did not indicate opposition to the adjustment application and the hearing was adjourned. The record contains correspondence between the parties and the immigration judge, requesting financial information and referring to a possible application for suspension of deportation. However, a new trial attorney subsequently entered the case and expressed his opposition to the adjustment application in a short memorandum dated February 4, 1983, stating that adjustment should not be granted because the respondents lacked visa availability, did not qualify as investors, and were undeserving of adjustment relief as a matter of discretion.

On April 7, 1984, the respondents, through counsel, submitted a brief in support of their application for adjustment of status. On August 10, 1984, the immigration judge entered a decision granting the adjustment applications. The immigration judge found that the respondents' investment met the requirements of 8 C.F.R. § 212.8(b)(4) (1984) for an exemption from the labor certification requirement and that they were not precluded from adjustment by section 245(c)(2) of the Act, 8 U.S.C. § 1255(c)(2) (1982). The immigration judge then found that the respondents qualified for visa availability under section 19 of the Immigration and Nationality Act Amendments of 1981, Pub. L. No. 97–116, 95 Stat. 1611 [codified at 8 U.S.C. § 1151 (1982)], and granted their applications as a matter of discretion. The Service subsequently appealed. We now turn to our discussion of the eligibility issue.

The question of the respondents' eligibility for adjustment of status as investors turns on the interpretation of section 19 of the 1981 Amendments to the Act, which reads as follows:

Sec. 19. The numerical limitations contained in sections 201 and 202 of the Immigration and Nationality Act shall not apply to any alien who is present in the United States and who, on or before June 1, 1978—

(1) qualified as a nonpreference immigrant under section 203(a)(8) of such Act (as in effect on June 1, 1978);

(2) was determined to be exempt from the labor certification requirement of section 212(a)(14) of such Act because the alien had actually invested, before such date, capital in an enterprise in the United States of which the alien became a principal manager and which employed a person or persons (other than the spouse or children of the alien) who are citizens of the United States or aliens lawfully admitted for permanent residence; and

(3) applied for adjustment of status to that of an alien lawfully admitted for permanent residence.

The relevant segment of section 19 of the 1981 Amendments has been interpreted by the Service in its regulations at 8 C.F.R.

§ 245.1(c)(2)(iv) (1986). *See* 47 Fed. Reg. 12,129, 12,133, 44,233, 44,237 (1982). It states:

> Any applicant will have qualified as a nonpreference immigrant on or before June 1, 1978 for purposes of this section, if the application for investor status was actually approved on or before that date, *or the application was subsequently approved with a priority date on or before June 1, 1978.* (Emphasis added.)

Under the restrictive interpretation of the statutory language urged by the district counsel in this case, the respondents would not qualify for investor status, since no formal determination that they qualified as investors took place prior to June 1, 1978. The immigration judge's eventual conclusion that the respondents qualified for investor status took place on August 10, 1984, pursuant to our February 1, 1980, remand order.

We find that the Service interpretation of the statute, found in 8 C.F.R. § 245.1(c)(2)(iv) (1986), is controlling in this case. The regulation specifically contemplates that the application for investor status may be approved after June 1, 1978. The determinative date under the regulation is the priority date, and not the date that the application for investor status is approved. The legislative history of section 19 of the 1981 Amendments explicitly states that section 19 was intended to provide visa availability to those investor applicants who lost their visa availability while their properly filed investor application was pending. *See* H. R. Rep. No. 264, 97th Cong., 1st Sess. 35, 45, 50, 58 (1981), *reprinted in* 1981 U.S. Code Cong. & Ad. News 2577, 2604, 2614, 2619, 2627. Prior to the 1981 Amendments the Service had established a policy, detailed in Operations Instructions 245.4(a)(6), of holding such applications in abeyance until allocation of a visa was again possible. *See Matter of Huang,* 16 I&N Dec. 358, 360 (BIA 1977); *Matter of Ho,* 15 I&N Dec. 692 (BIA 1976); 2 C. Gordon & H. Rosenfield, *Immigration Law and Procedure,* § 7.7e(7)(c), at 7-116.6 (rev. ed. 1986). The position taken by the Service in this case cannot be reconciled with the language of 8 C.F.R. § 245.1(c)(2)(iv) (1986) and O.I. 245.4(a)(6).

The United States Court of Appeals for the Eleventh Circuit in *Kahlenberg* v. *INS,* 763 F.2d 1346, 1349-51 (11th Cir. 1985), apparently agreed in dictum with the district counsel's interpretation of section 19 of the 1981 Amendments to the Act. However, in its discussion of section 19 in *Kahlenberg,* the Eleventh Circuit specifically stated that it had accepted this interpretation of section 19 because it was giving deference to the Service's own interpretation, since "the promulgating agency's construction of its own regulations may be discounted only if clearly unreasonable." *Id.* at 1351. It is clear that the court was not aware of 8 C.F.R. § 245.1(c)(2)(iv) (1985) when it accepted this interpretation. We therefore now hold

that our interpretation of section 19 of the 1981 Act is entirely consistent with the Service's interpretation of the statute, found in 8 C.F.R. § 245.1(c)(2) (1986). We find unconvincing the district counsel's argument to the contrary, which cannot be reconciled with the view of the Service, expressed in its own regulation. There are no other questions regarding the respondents' eligibility for investor status. Consequently, we affirm the immigration judge's conclusion that the respondents qualify as investors with visa availability pursuant to section 19 of the 1981 Amendments to the Act. We also agree with the immigration judge's favorable exercise of discretion. The adverse factors present in this case are outweighed by the favorable factors here. *See Matter of Khan*, 17 I&N Dec. 508 (BIA 1980). Accordingly, the appeal will be dismissed.

**ORDER:** The appeal is dismissed.