IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60310
Summary Calendar
_____


JOSE RENDON-CORTEZ,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A74 592 248 )

_____
February 12, 2003


Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     The decision below is affirmed for the following reasons:

     1.  Jose Rendon-Cortez (Rendon) appeals the decision of the Board of Immigration

Appeals (BIA), rejecting his argument that he was not subject to deportation, and was

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in
5TH CIR. R. 47.5.4.

instead entitled to an adjustment of status, because he qualified as a "special immigrant" minister under 8 U.S.C. § 1101(a)(27)(C). Where, as here, the BIA affirms a decision of an immigration judge (IJ) for the reasons set forth in that decision, we review the IJ's decision. See Gomez-Mejia v. INS, 56 F.3d 700, 702 (5th Cir. 1995). We will not disturb a factual finding made below if it is supported by substantial evidence. Fonseca-Leite v. INS, 961 F.2d 60, 62 (5th Cir. 1992).

2. We see no legal error in the IJ's analysis of the requirements for status as a special immigrant minister under the statute and related regulations. The IJ's factual findings that Rendon did not meet several of those requirements are supported by substantial evidence.

3. Rendon argues that the IJ could not "look behind" the INS approval of a visa application filed on his behalf seeking special immigrant status, appellant's brief at 10, suggesting that the approval operated as some sort of administrative res judicata. The record, for reasons which are not explained, indicates that such a visa application was both approved by a Mesquite, Texas INS service center, and earlier disapproved by the director of the INS "Texas Service Center" and the Department of Justice Office of Administrative Appeals. Regardless, Rendon does not persuade us that in these circumstances the approval of a visa precluded the IJ from deciding whether Rendon met the requirements for a special immigrant minister. This proceeding originated, and in our view remained, a removal proceeding. As we read the statutory provisions relating to removal proceedings, as a general proposition, possession of a visa would at most shift

2

the burden of proof to the INS to establish that the alien is deportable. See 8 U.S.C. § 1229a(c)(2)(B) (placing burden of proof on alien in removal proceedings to establish that he is "lawfully present in the United States pursuant to a prior admission"); id. § 1229a(c)(3)(A) (placing burden of proof on the INS "in the case of an alien who has been admitted to the United States"). Further, even as to burden of proof, the IJ agreed to reopen the proceedings and reconsider the prior order finding Rendon deportable, based on Rendon's "application for adjustment of status as a special immigrant religious worker." In this posture, we believe that the burden was on Rendon to establish that he was entitled to an adjustment of status. See Mamoka v. INS, 43 F.3d 184, 188 (5th Cir. 1995) (placing burden of proof on applicant for adjustment of status). Regardless, Rendon cites no authority persuading us that the approval of the visa application precluded the IJ from deciding whether he was entitled to remain in this country as a special immigrant.

4. Insofar as Rendon otherwise attempts to argue that the procedures employed in the administrative proceedings below were improper or denied him due process, his briefing is so perfunctory and lacking in argument and authority that we deem such arguments waived. See Dardar v. Lafourche Realty Co., 985 F.2d 824, 831 (5th Cir. 1993) ("Questions posed for appellate review but inadequately briefed are considered abandoned.").

AFFIRMED.