United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60557
Summary Calendar
_____

JUAN M. TZOC,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A76 415 908
---------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Juan M. Tzoc, a citizen of Guatemala, petitions for review

of the final order of the Board of Immigration Appeals ("BIA")

dismissing his appeal from the Immigration Judge ("IJ").  The IJ

denied Tzoc's application for asylum in which Tzoc alleged that

because of his race as a Quiche Indian and his membership in a

social group he had been persecuted by the Guatemalan army and by

guerrillas, both of which attempted to recruit him to fight in

the Guatemalan civil war.  The BIA agreed with the IJ that Tzoc

failed to show past persecution or a well-founded fear of future

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

persecution. The BIA took administrative notice that the army and the guerillas had signed peace accords in 1996 after Tzoc had left the country and that the army no longer practiced forced conscription.

Tzoc argues that he established both past persecution and a well-founded fear of being persecuted if returned to Guatemala. We conclude that the BIA's decision is supported by substantial evidence and that the evidence in the record does not compel a contrary conclusion.[1]

Tzoc also argues that the BIA erred in taking administrative notice of country conditions in Guatemala without affording him an opportunity to respond as to why such notice should not be taken. The BIA did not abuse its discretion in taking administrative notice of conditions in Guatemala that had an effect on Tzoc's well-founded fear of persecution.[2] To the extent that Tzoc argues he was not given an opportunity to respond to the administrative notice, the record indicates that Tzoc filed a motion to reopen in the BIA arguing that administrative notice was improper. A motion to reopen provides a sufficient opportunity for an applicant to respond to officially noticed facts.[3] The record does not indicate that the BIA has ruled on the motion to reopen, nor have the parties so

---

[1] *See INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[2] *See Rivera-Cruz v. INS*, 948 F.2d 962, 966-67 (5th Cir. 1992).

[3] *See id.* at 968.

indicated.  Because there is nothing before us to indicate that the motion to reopen is not still pending, further review of this issue is unwarranted.[4]

Finally, Tzoc argues that the BIA erred by not considering his application under the Convention Against Torture, which he asserts was enacted after his administrative hearing before the IJ.  Tzoc raised the Convention Against Torture in his motion to reopen in the BIA.  Because that motion is still pending, this issue is not properly before us.[5]

Tzoc's petition for review is DENIED.

---

[4] *See Mamoka v. INS*, 43 F.3d 184, 187 (5th Cir. 1995).

[5] *See Mamoka*, 43 F.3d at 187-88.