

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2008

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2231

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2231
_____

QIN LIN
a/k/a KUMN LUM

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77-174-598)
Immigration Judge:  Honorable Charles M. Honeyman
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before:    SCIRICA, Chief Judge, FUENTES AND GARTH, Circuit Judges

(Opinion filed May 19, 2008)
_____

OPINION
_____

PER CURIAM

Qin Lin petitions for review of a final order of the Board of Immigration Appeals

("BIA").  For the reasons that follow, we will grant the petition in part, deny it in part,

and dismiss it in part.[1]

## I. Background

Lin is a native of the Fujian province of China. She arrived unlawfully in the United States in April 1999 and shortly thereafter submitted a first application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), claiming that she had been married in China, had an unauthorized child there, and feared forced sterilization if she returned. In May 2000, an Immigration Judge ("IJ") in New York found her incredible, denied her application, and ordered her removal. On appeal, the BIA affirmed the decision.

In May 2003, Lin moved to reopen and remand her removal proceedings. Among other things, she sought derivative adjustment of status based on a new marriage to Yun Ming Lee, who was potentially eligible for adjustment of status due to an approved I-140 labor certification. She also applied a second time for asylum, withholding of removal, and protection under the CAT, this time based on the births of two daughters in the United States.

During the remanded proceedings, in order to prove the validity of her current marriage, Lin initially testified that her first marriage in China ended in divorce. However, she later admitted in an I-601 affidavit seeking waiver of inadmissibility that

---

[1] The BIA consolidated her proceeding with that of her husband, Yung Ming Lee. Her husband's proceeding was remanded by the BIA for the IJ's clarification of the discretionary denial of relief and for an on-the-record adjudication for those applications for relief. A.R. 0005.

she had never been married in China and that previously submitted divorce papers were fraudulent. IJ Honeyman denied her applications and found her removable as charged. She appealed to the BIA, and during her appeal, filed a motion to remand based on the birth of a third child. On March 23, 2007, the BIA affirmed the IJ's decision and denied the motion to remand. Lin then petitioned to this Court.

## II. Asylum

The BIA affirmed the IJ's pretermission of Lin's second asylum application for failure to apply within the statutory deadline. A.R. 0004, 0006; see INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)]. Lin now argues that she made her new application for asylum while she was pregnant with her third child. Thus, she claims this constitutes a "change in circumstances" sufficient to excuse her delay in filing. However, the record reflects that she based her application on the birth of her second child, not her pregnancy with her third child. The BIA recites that the second child was born on October 20, 2003, but that her new application for asylum was not signed or submitted until January 2005. The BIA did not consider this to be a "reasonable" amount of time after the alleged changed circumstance. A.R. 004.

The INA provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General" regarding the timeliness of an asylum application or the existence *vel non* of changed or extraordinary circumstances justifying late filing. 8 U.S.C. § 1158(a)(2), (3); Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003). Although the subsequently enacted REAL ID Act amended the INA to allow

3

constitutional claims or questions of law to survive its jurisdiction-stripping provisions, see REAL ID Act § 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D), this court has held that claims of changed or extraordinary circumstances to justify an untimely asylum application fall within the Attorney General's *discretion* and therefore do not present a constitutional claim or question of law covered by the REAL ID Act's judicial review provision. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006). We lack jurisdiction to entertain Lin's challenge to the BIA's timeliness determination. Accordingly, we dismiss Lin's petition for review to the extent it presents this argument.

### III. Withholding of Removal

To qualify for withholding of removal pursuant to INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)],[2] Lin bore the burden of demonstrating a "clear probability" of future persecution – that "it is more likely than not" that she would be persecuted. See INS v. Cardoza-Fonseca, 480 U.S. 421, 449-50 (1987). The IJ held that Lin's evidence was "too speculative," A.R. 0226, 29, and the BIA affirmed the decision. A.R. 0004. We review the BIA's determination under the deferential substantial evidence standard. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Thus, "[t]o reverse the BIA finding we must find that the evidence not only supports that conclusion [that Lin would be more

---

[2] In addition, Lin applied for protection under the CAT. The BIA affirmed the IJ's decision that the record lacked evidence proving Lin would more likely than not be tortured if she were to return to China. In her opening brief, Lin did not raise any issue concerning the CAT claim, so we need not address it because it is waived. See Voci v. Gonzales, 409 F.3d 607, 610 n.1 (3d Cir.2005).

4

likely than not to suffer persecution], but <u>compels</u> it." <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

As evidence, Lin primarily relied upon the births of two United States citizen children. <u>See</u> A.R. 0222, 0539-47. She also submitted a statement concerning family members who had allegedly been forcibly sterilized and a social worker's report enumerating her fears. <u>See</u> A.R. 0222, 0548-62, 0566-69. Because these documents are insufficient by themselves to compel a reasonable adjudicator to conclude Lin would more likely than not be persecuted, the BIA's ruling rests on substantial evidence.

### IV. <u>Motion to Remand</u>

While her appeal was pending before the BIA, Lin filed a motion to remand based upon the birth of a third child, claiming that a person from the Fujian province of China with three United States citizen children would be subject to forced sterilization. In support, she provided evidence including, <u>inter alia</u>, a 2005 State Department report and an affidavit by demographer John Aird. The BIA denied Lin's motion.

Lin argues that the BIA "ignored" her motion and "a multitude of evidence submitted with that motion," which, she contends, "amply supported" a reasonable likelihood of asylum eligibility under <u>Guo v. Ashcroft</u>, 286 F.3d 556 (3d Cir. 2004). We review the BIA's findings of fact for substantial evidence and the denial of the motion for abuse of discretion. <u>Vakker v. Atty. Gen'l of the United States</u>, __ F.3d __, 2008 WL 681849, *2 (3d Cir. March 14, 2008); <u>Korytnuk v. Ashcroft</u>, 396 F.3d 272, 285 (3d Cir. 2005).

5

Lin misapplies Guo by arguing that it governs the merits of her underlying application, which we addressed above. Guo addresses the prima facie showing necessary to prevail on a motion to reopen or remand, not the substantive merits of an asylum or withholding of removal claim. See Guo, 386 F.3d at 564. However, Lin's motion to remand does present a close issue under Guo. In Guo,[3] we held that the Government's presentation of a five-year-old 1998 State Department report did not undermine (and indeed supported) Guo's prima facie showing of asylum eligibility. Guo, 386 F.3d at 565-66. Here, the BIA did not abuse its discretion by concluding that Lin failed to make the required prima facie showing to prevail on her motion.

The BIA considered Lin's evidence and found that China applies coercive family planning measures inconsistently and the more likely punishment for violation is economic sanctions. A.R. 0006. Indeed, Lin herself noted that the 2005 State Department Country Report refers to economic sanctions for violations of China's population control laws. In contrast to Guo, the BIA was not persuaded by the Aird affidavit, id. at 004, relying upon its reasoning in Matter of C-C-, 23 I&N Dec. 899 (BIA 2006). In C-C-, which distinguished Guo, the BIA held that evidence precisely of the type that Lin presented here – the Aird affidavit and the 2005 State Department reports – was insufficient to establish prima facie eligibility for relief, because the recent State

_____

[3] Guo addressed a motion to reopen. We review motions to remand, motions to reconsider, and motions to reopen under an identical standard. Vakker, 2008 WL 681849, *2.

Department reports provided more persuasive evidence than the Aird affidavit. Id. at 903. Indeed, we have held that State Department reports constitute substantial evidence. Yu v. Atty. Gen'l of the United States, 513 F.3d 346, 349 (3d Cir. 2008).

Given Lin's reliance on the 2005 State Department reports, which the BIA found to undermine the prima facie showing under C-C-, her case is distinguishable from Guo. The BIA's decision was not an abuse of discretion.

## V. Adjustment of Status

Lin argues that the BIA committed "grave error" by acknowledging the IJ's failure to discuss countervailing equities and affirm the IJ's negative exercise of discretion. The Government counters that this issue is beyond our jurisdiction.

The Government correctly observes that a challenge to the exercise of discretion in denying adjustment of status falls outside the scope of our review. INA § 242(a)(2)(B)(i) [8 U.S.C. § 1252(a)(2)(B)(i)]. Thus, we lack jurisdiction to review the IJ's exercise of discretion in denying Lin's adjustment of status and the BIA's adoption of that holding. However, we have jurisdiction to review questions of law. INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D)]; Kamara v. Atty. Gen'l, 420 F.3d 202, 211 (3d Cir. 2005). To the extent Lin argues that the BIA and IJ failed to apply the appropriate legal standard by neglecting Lin's favorable evidence, this is a legal question within our jurisdiction.

However, the BIA and IJ considered Lin's favorable evidence. The BIA affirmed and adopted the IJ's analysis, and in turn, the IJ recognized the necessary balancing of both favorable and adverse factors. See A.R. 0224-25. The IJ referred to Lin's favorable

7

evidence, including, for example, the births of her two United States citizen daughters. See A.R. 0222. However, the IJ also recognized that "[w]here adverse factors are present, it may be necessary for the applicant to offset these by showing unusual or outstanding equities for adjustment of status." Id. at 0225 (citing Matter of Arai, 13 I&N Dec. 494 (BIA 1970)). Indeed, as the negative factors weighing against the exercise of discretion grow more serious, the alien must provide additional offsetting favorable evidence. Matter of Edwards, 20 I&N Dec. 191, 195 (BIA 1990). As the BIA noted, "[t]here are cases in which the adverse considerations are so serious that a favorable exercise of discretion is not warranted even in the face of unusual or outstanding equities." Id. at 196.

In denying her application, the BIA agreed with the IJ's conclusion that Lin's fraudulent misrepresentations in support of her first asylum application provided "a compelling adverse factor mitigating heavily against a favorable exercise of discretion in her case." A.R. 0004. In sum, the record reflects that the BIA and IJ acknowledged and weighed Lin's favorable evidence and did not find it sufficiently strong to overcome the serious nature of her past fraud. Lin has not convincingly demonstrated legal error.

## VI. Frivolous Asylum Application

The IJ held that Lin's admittedly fraudulent first asylum application qualified as frivolous under INA § 208(d)(6) [8 U.S.C. § 1158(d)(6)]. Lin argued that when she filed her first application, she did not receive adequate notice of the penalties for filing a frivolous application as required by statute. See id. Specifically, she claimed no oral

8

warnings were provided and the written warnings appearing on the application were not translated for her. The IJ determined the written warnings were sufficient, subjecting her to the "lifetime bar" of INA § 208(d)(6) [8 U.S.C. § 1158(d)(6)]. See A.R. 0233-34.

On appeal to the BIA, Lin argued that the IJ erred by failing to consider that the written warnings appeared exclusively in English and were never translated. The BIA declined to address the argument, see A.R. 0004 n.3, and did not consider or adopt–either explicitly or implicitly–the IJ's holding. Lin seeks remand for adjudication of the issue. In response, the Government argues that this Court should simply decline to consider it because the holding has no effect on the outcome of her claims.

The Government fails to acknowledge the severe and permanent consequences that attach to the IJ's unreviewed finding that Lin filed a frivolous asylum application. INA § 208(d)(6) [8 U.S.C. § 1158(d)(6)]; see, e.g., Muhanna v. Ashcroft, 399 F.3d 582, 588 (3d Cir. 2005). However, the Government correctly observes that we cannot review an issue the BIA did not consider. Gonzales v. Thomas, 547 U.S. 183, 186 (2006); INS v. Ventura, 537 U.S. 12, 17 (2002). Therefore, without expressing an opinion as to whether the IJ properly found that Lin's first asylum application was frivolous under INA § 208(d)(6) [8 U.S.C. § 1158(d)(6)], we will grant the petition for review and remand to the BIA for consideration of the issue. See Gonzales v. Thomas, 547 U.S. 183, 186 (2006); Ventura, 537 U.S. at 16; Gabuniya v. Atty. Gen'l, 463 F.3d 316, 324 (3d Cir. 2006).

9

## VII. Conclusion

For the foregoing reasons, we will grant the petition for review as to whether the Lin's first asylum application was frivolous under INA § 208(d)(6) [8 U.S.C. § 1158(d)(6)] and remand to the BIA for further proceedings on that issue. We will deny in part and dismiss in part the remainder of the petition.