**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3455
_____

QIN LIN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A077 174 598
Immigration Judge:  Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 28, 2010

Before: FUENTES, GREENAWAY AND VAN ANTWERPEN, <u>Circuit</u> Judges

(Opinion filed: June 29, 2010)
_____

OPINION
_____

PER CURIAM

Qin Lin, proceeding <u>pro se</u>, petitions for review of an order of the Board of

Immigration Appeals ("BIA" or "Board"), which denied her motion to reopen and

remand.  We will deny the petition for review.

Lin was placed in removal proceedings in 1999 for being in the United States without having been admitted or paroled. She conceded removability, but sought asylum and related relief based on her allegation that she and her husband were persecuted in China due to the country's coercive family planning practices. An Immigration Judge ("IJ") denied relief, finding that Lin was not credible. The BIA affirmed without opinion in February 2003. In May of that year, Lin filed a motion to reopen and remand for adjustment of status based on the approved labor petition of her "second" husband in the United States. The BIA granted the motion and remanded to the IJ for hearings.

On remand, Lin first tried to prove that she had been divorced from her husband in China, but later admitted that she had in fact never been married in China and that she had made up the story at the urging of the snakeheads who smuggled her out of China. Lin also sought relief based on her allegation that she would be forcibly sterilized if she were to be returned to China because she and her husband now had two U.S.-born children. The IJ found that her asylum claim was untimely, and that she did not meet her burden for withholding of removal or protection under the Convention Against Torture ("CAT") because the possibility that she would be persecuted and/or tortured was too speculative. The IJ also found that her application was frivolous. Regarding the application for adjustment of status, the IJ noted that Lin was inadmissible because of fraud and misrepresentation, and that she would need a waiver of inadmissibility. Having denied her husband's adjustment of status application, the IJ found that Lin did not qualify for a

waiver, because she did not have a qualifying relative.

On appeal, the BIA affirmed the IJ's denial of relief, and also denied Lin's motion to remand based on the birth of a third child.[1]  Lin filed a petition for review of that decision.  We held:  (1) we lacked jurisdiction to consider Lin's challenge to the finding that her asylum application was untimely; (2) the documents Lin had submitted were insufficient to compel a reasonable adjudicator to find it was more likely than not she would be persecuted if returned to China; (3) the BIA did not abuse its discretion in denying her motion to remand based on her assertion that the birth of a third child would subject her to forced sterilization; and (4) the BIA applied the appropriate legal standard in denying Lin's application for adjustment of status, and we lacked jurisdiction to consider the propriety of its discretionary denial.  We noted, however, that the BIA had failed to review whether the IJ properly found Lin's application to be frivolous.  We remanded for consideration of whether the frivolousness finding should stand.  Lin v. Att'y Gen., No. 07-2231, 2008 WL 2083139 (3d Cir., May 19, 2008).  On October 29, 2008, the BIA vacated the IJ's finding that Lin's asylum application was frivolous, but noted that Lin remained removable and ineligible for relief pursuant to the prior decisions of the IJ and BIA.

In January 2009, Lin filed a motion to reopen and remand.  Lin claimed that

---

[1] The BIA, however, granted Lin's husband's motion to remand for clarification on the IJ's decision to deny adjustment in the exercise of discretion; it appears he was ultimately able to adjust his status.

because the BIA had vacated the frivolousness finding, and because her husband was now a permanent resident, she was now eligible to adjust her status. She also again claimed eligibility for asylum, withholding of removal, and protection under the CAT, based on changed country conditions in China. Lin submitted:

> her affidavit, a new application for adjustment of status, a new application for a waiver of inadmissibility, the 2007 Country Report on China, the 2004 statement of Assistant Secretary Dewey, the 2004 testimony of T. Kumar, documents that purport to be from the People's Government of Tingjiang Town, Mawei District, Fuzhou City, statements and identity documents from-her father, husband, and friends in the United States, and letters, identity cards, birth control information cards, and sterilization certificates from a friend and a classmate in China.

BIA decision, A.R. 3-4. The BIA noted that the documents from China had not been authenticated pursuant to 8 C.F.R. § 1287.6, and recognized that this Court has held that failure to follow that regulation should not lead to automatic exclusion of the evidence, but that the alien should be allowed to prove authenticity in another matter. A.R. 4, citing Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir. 2004); and Leia v. Ashcroft, 393 F.3d 427, 433-34 (3d Cir. 2005). The BIA found, however, that Lin "had failed to establish the authenticity of her foreign documents in any manner." A.R. 4.

The Board found that Lin had not shown changed circumstances that would overcome the time bar for an asylum application, and that her evidence was "inadequate to demonstrate a realistic chance that she can establish her eligibility for relief from removal or protection under the [CAT] due to China's family planning policy." A.R. 4. The BIA found that although she was no longer statutorily ineligible for adjustment of

4

status based on a frivolous asylum finding, she had "failed to demonstrate that she merits such relief in the exercise of discretion." Id. Lin filed a timely petition for review.

We have jurisdiction to consider the BIA's decision denying Lin's motion to reopen and remand.[2] There are at least three independent grounds on which the BIA may deny a motion to reopen, two of which are pertinent here. "[W]hen the Board or an Immigration Judge denies reopening on prima facie case grounds, the ultimate decision should be reviewed for an abuse of discretion, while findings of fact should be reviewed for substantial evidence." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). "[I]n cases in which the ultimate grant of relief is discretionary ( [including] . . . adjustment of status, but not withholding of deportation), the BIA may leap ahead, as it were, over the two threshold concerns (prima facie case and new evidence/reasonable explanation), and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief." Korytnyuk v. Ashcroft, 396 F.3d 272, 282-83 (3d Cir. 2005). Such "leap ahead" decisions are reviewed for an abuse of discretion. Id. The Board abuses its discretion only where the ultimate decision denying reopening was arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

As noted, the Board found that Lin's evidence was "inadequate to demonstrate a

---

[2] We again lack jurisdiction to consider the BIA's decision that Lin's asylum claim is untimely and that it does not meet any exceptions to the timeliness requirement. Tarrawally v. Ashcroft, 338 F.3d 180, 185 (3d Cir. 2003).

realistic chance that she can establish her eligibility for relief from removal or protection under the [CAT] due to China's family planning policy." A.R. 4. The Board found that the evidence Lin submitted had not been authenticated in any way, and that she had not shown that any economic sanction that might be applied would amount to persecution. Given the fact that Lin previously submitted a completely fictitious asylum claim, the Board did not abuse its discretion in finding that the evidence Lin submitted did not support a prima facie case for reopening.

We further find that the Board did not abuse its discretion in denying Lin's motion to reopen for waiver of inadmissibility and adjustment of status. The BIA previously stated that "the numerous fraudulent misrepresentations" Lin made before the IJ constituted "a compelling adverse factor mitigating heavily against a favorable exercise of discretion in her case." A.R. 176. The Board did not abuse its discretion in holding that Lin did not meet her burden of demonstrating that she merits favorable discretion.

For the foregoing reasons, we will deny the petition for review.